UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X

TAVOY MALCOLM,

                                Plaintiff,

          -against-

UNITED STATES OF AMERICA, HERMAN QUAY,
Individually, JAMES PETRUCCI, Individually,
VERONICA MASON, Individually, MICHAEL SEGAL,
Individually, KEVIN YOUNG Individually,
JOHNATHAN WHITE, Individually, ELEAZAR GARCIA,
Individually, MARTI LICON-VITALE, Individually,
JUAN RAMOS, Individually, LIZETTE TAMAYO,
Individually, JOHN HAYES, Individually, and
JOHN/JANE DOES 1-15, Individually,

                                Defendants.

------------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

20 CV 1450
(MKB) (VMS)

<u>Jury Trial Demanded</u>

Plaintiff TAVOY MALCOLM, by her attorneys, Brett H. Klein, Esq., PLLC, complaining

of the defendants, respectfully alleges as follows:

### <u>PRELIMINARY STATEMENT</u>

1.      On or about May 12, 2017, TAVOY MALCOLM, a transgender female who as a

woman uses the name Tiana Miller, was remanded to the Metropolitan Detention Center

(hereinafter referred to as "MDC"), a federal detention center operated by the United States Federal

Bureau of Prisons ("BOP"), in Brooklyn, New York.

2.      Despite that TAVOY MALCOLM informed MDC personnel upon admission that

she was a transgender female, MDC refused to recognize plaintiff's female identity or house

plaintiff with other women.  Instead, pursuant to its wrongful, negligent, and otherwise unlawful

practices, and in deliberate disregard of the foreseeable risk to plaintiff's health and safety, MDC

housed TAVOY MALCOLM with male inmates in general population.

3.      Further, the United States and MDC employees were aware of the risks of harm its practices posed to transgender inmates, and MDC's failure to adequately implement policies and training to ensure the safety and privacy of transgender women inmates.  Deliberately disregarding and otherwise neglecting its clear constitutional obligations as well as the requirements set forth under the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601, *et seq.*, MDC failed to prevent foreseeable, ongoing and severe harm plaintiff.

4.      As a direct result of the negligence and deliberate indifference of MDC and the numerous defendant federal officials involved, TAVOY MALCOLM was physically assaulted and then sexually assaulted by two male prison inmates over a period of two months.  Moreover, even after plaintiff was transferred to a female housing unit, plaintiff was subjected to further harassment and intimidation by BOP corrections officers.

## JURISDICTION

5.      This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, the United States Constitution, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and New York common law.

6.      This Court has jurisdiction over the supplemental state law claim pursuant to 28 U.S.C. § 1367.

7.      Plaintiff submitted an Administrative Claim for the claims against the United States of America set forth below to the Federal Bureau of Prisons, which was received by the agency on July 22, 2019.

8.      By letter dated January 21, 2020, the Federal Bureau of Prisons denied Plaintiff's Administrative Claim.

9.      Accordingly, all conditions precedent to a Federal Tort Claims Act action in this court have been met.

## VENUE

10.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

11.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

12.      Plaintiff TAVOY MALCOLM is a twenty-nine-year-old transgender female residing in the Bronx, New York.  At all times relevant herein, Plaintiff TAVOY MALCOLM was an inmate housed at MDC.

13.      Defendant United States of America (the "United States") at all relevant times operated MDC, and employed Defendants HERMAN QUAY, JAMES PETRUCCI, VERONICA MASON, MICHAEL SEGAL, KEVIN YOUNG, JOHNATHAN WHITE, ELEAZAR GARCIA, MARTI LICON-VITALE, JUAN RAMOS, LIZETTE TAMAYO, JOHN HAYES, and JOHN and/or JANE DOE 1 through 15.  Defendant United States is sued under the Federal Tort Claims Act for the wrongful and tortious acts of its employees and agencies.

14.      Defendants HERMAN QUAY, JAMES PETRUCCI, VERONICA MASON, MICHAEL SEGAL, KEVIN YOUNG, JOHNATHAN WHITE, ELEAZAR GARCIA, MARTI LICON-VITALE, JUAN RAMOS, LIZETTE TAMAYO, JOHN HAYES, and JOHN and/or

JANE DOE 1 through 15 are officials who were at all times relevant employed by the United States and worked for the Federal Bureau of Prisons (hereinafter "BOP") and/or MDC as administrators, supervisors, and/or correctional officers, and were acting under color of federal law.  They are sued in their individual capacities.

### FACTS

15.    Plaintiff TAVOY MALCOLM is a Jamaican transgender woman who was assigned the sex of male at birth.  Plaintiff was undergoing physical transition at the time of the events described herein, including receiving hormone therapy since 2015, and breast augmentation surgery in 2017.  As a result of the hormone therapy and breast augmentation, plaintiff developed a feminine shape and other female characteristics.

16.    On May 12, 2017, plaintiff was remanded to MDC.

17.    Plaintiff was first processed through G41 intake unit, where she remained for five to six days.

18.    In and around the time of plaintiff's arrival at MDC, defendant BOP defendants Warden HERMAN QUAY, Associate Warden JAMES PETRUCCI, Supervisory Inmate Systems Manager VERONICA MASON, and Dr. MICHAEL SEGAL, were either personally made verbally aware by plaintiff that she was transgender and identified as female, and wanted to be placed in a female housing unit, or otherwise made aware of this fact via other means.

19.    Despite defendants' awareness of plaintiff's concerns for her safety and that a transgender inmate's own views with respect to their safety are supposed to be given consideration by BOP officials, defendants QUAY, PERTRUCCI, MASON, and SEGAL negligently, recklessly, and otherwise in deliberate disregard of plaintiff's safety determined plaintiff would be

placed in a male housing unit.

20. As a result of the above determination, plaintiff was brought to the male unit, however, plaintiff refused to enter the unit because she feared for her safety.

21. Plaintiff was brought back to G41 and then to the lieutenant's office, where she again expressed her concerns regarding her safety if she were to be placed in male housing to at least three defendant MDC correction officers who held the rank of lieutenant, believed to be defendants JUAN RAMOS, LIZETTE TAMAYO and JOHN HAYES.

22. Plaintiff then requested to at least be placed in the segregated housing unit (hereinafter "SHU"), rather than general male population.

23. In response to plaintiff's concerns, defendant TAMAYO encouraged plaintiff to enter general population and assured plaintiff she would check on her to make sure she was safe.

24. Plaintiff was then placed in a male unit, I61.

25. While housed in the male unit, plaintiff complained multiple times to mental health treaters, including defendant SEGAL, that she felt uncomfortable in the male unit.

26. Plaintiff's complaints and concerns went unheeded.

27. Despite Lieutenant TAMAYO's assurances and the known risks to plaintiff, on August 17, 2017 at approximately 1:00 p.m., an inmate was allowed to enter plaintiff's cell and physically assault her by punching her approximately two to three times in the head.

28. Moreover, despite that plaintiff was the victim, she was placed in the SHU for a period of time.

29. Thereafter, despite MDC's increased awareness of the risks to plaintiff as a result of the assault, MDC personnel, believed to include defendants QUAY, PETRUCCI, SEGAL,

5

Captain KEVIN YOUNG, Captain JOHNATHAN WHITE, Associate Warden ELEAZAR GARCIA, and Associate Warden and PREA Compliance Manager MARTI LICON-VITALE, again negligently, recklessly, and in deliberate disregard of plaintiff's safety, made the determination that plaintiff would be returned to unit I61 and housed with a male inmate.

30.     Further, MDC personnel took no action to determine whether the male inmate with whom plaintiff was housed posed a threat of physical and/or sexual assault to plaintiff.

31.     Upon information and belief, had MDC officials so investigated, they would have determined that the inmate plaintiff was housed with had a known history of violence and mental health issues.

32.     As a result of the MDC defendants' negligence and deliberate disregard of plaintiff's safety, plaintiff was again assaulted on October 11, 2017, between approximately 10:30 p.m. and 11:00 p.m., by her cell mate.

33.     During the second incident, plaintiff's cell mate anally raped her.

34.     Plaintiff reported the rape to her case manager the next day, and thereafter reported the rape to personnel in the lieutenant's office, as well as to medical staff.

35.     Only after plaintiff was assaulted and then raped did BOP officials transfer plaintiff to a female housing unit.

36.     Even after her transfer, plaintiff continued to be subjected to harassment and intimidation by BOP correction officers.

37.     At all times relevant thereto, TAVOY MALCOLM was under the control, confinement, and direction of BOP MDC officers and staff.

38.     The administrative and supervisory defendants were negligent and/or deliberately

indifferent to plaintiff's health and safety when they placed her in a male population and knew, or should have known through for example, past training and experience, and through the implementation of PREA, of the foreseeable risk that a transgender inmate like TAVOY MALCOLM would be subjected to physical and sexual abuse if housed in a male population.

39.    The PREA sets forth national standards that correctional institutions must implement to prevent rape in prisons, and requires, among other things, facilities to "have a written policy mandating zero tolerance toward all forms of sexual abuse and sexual harassment," and requires facilities to provide employee training about sexual abuse and harassment, prevention, detection, and reporting.  28 C.R.R. §§ 115.11, 115.31.

40.    PREA standards also recognize that "being transgender is a known risk factor for being sexually victimized in confinement settings.[a]

41.    PREA standards also require that facility and housing assignments be made on a case-by-case basis, and that decisions about such assignments, including whether to assign a transgender individual to male or female housing be based on an individualized assessment, and these assessments must consider the transgender inmate's gender identify and give serious consideration to the inmate's own views with respect to safety.  C.F.R. § 115.42(c), (e).

42.    Further, PREA mandated the Bureau of Justice Statistics ("BJS") to collect data on sexual victimization in prisons and jails in the United States.  Pursuant to a survey conducted by BJS under PREA, it was found that transgender inmates are nine times more likely than other inmates to encounter sexual harassment or assault within the first 12 months of prison.

---

[a] U.S. Department of Justice, March 24, 2016 Memorandum on PREA Standards.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Negligence under Federal Tort Claims Act against defendant United States)

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     The United States and its employees had a duty of care to TAVOY MALCOLM while she was incarcerated at MDC.

45.     Employees of the United States knew or should have known that it was unsafe to house female transgender prisoners with male prisoners and that doing so placed them at risk of physical and sexual assault by male prisoners.

46.     Employees of the United States breached their duty to TAVOY MALCOLM by placing her in male housing despite the obvious risks to her health and safety.

47.     As a result of Defendant's acts and omissions, TAVOY MALCOLM suffered damages, including physical injuries and emotional distress.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress under Federal Tort Claims Act against defendant United States)

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     The United States and its employees had a duty of care to TAVOY MALCOLM while she was incarcerated at MDC.

50.     Employees of the United States breached the duty of care owed to TAVOY MALCOLM by negligently placing her in male housing.

51.     That breach directly exposed TAVOY MALCOLM to an unreasonable risk of

8

bodily injury, caused her to fear her own safety, and resulted in her being physically and sexually assaulted by male inmates.

52.    Employees of the United States were acting within the scope of their employment when they negligently inflicted emotional distress on TAVOY MALCOLM.

53.    As a result of defendants' acts and omissions, TAVOY MALCOLM suffered damages, including physical injuries and emotional distress.

### AS AND FOR A THIRD CAUSE OF ACTION
(Cruel and Unusual Punishment via the Eighth Amendment/*Bivens* – Violation of the Right to be Free from Deliberate Indifference to Health and Safety against the Individually Named Defendants)

54.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.    As officers and supervisors at MDC Brooklyn, the individually named defendants had a duty of care to TAVOY MALCOLM while she was incarcerated at MDC.

56.    The individually named defendants knew or should have known that there was a high degree of risk that transgender female inmates in general, and TAVOY MALCOLM in particular, would be physically and sexually assaulted by male inmates, if placed in male housing at MDC.

57.    The individually named defendants who placed and maintained plaintiff in male housing, despite knowing she was a transgender female, did so in deliberate disregard of this high risk to plaintiff's health and safety.

58.    At all relevant times, the individually named defendants acted under color of federal law.

59.    As a result of the individually named defendants' acts and/or omissions, TAVOY

MALCOLM suffered damages, including physical injuries and emotional distress.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Negligence under New York State Law against the Individually Named Defendants)

60.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.    The individually named defendants owed a duty of care to TAVOY MALCOLM, while she was incarcerated under their care, custody, and control at the MDC.

62.    The individually named defendants knew or should have known that it was unsafe to house female transgender prisoners with male prisoners and that doing so placed them at risk of physical and sexual assault by male prisoners.

63.    The individually named defendants breached their duty to TAVOY MALCOLM by placing and maintaining her in male housing despite the obvious risks to her health and safety.

64.    As a result of Defendant's acts and omissions, TAVOY MALCOLM suffered damages, including physical injuries and emotional distress.

10

**WHEREFORE**, plaintiff TAVOY MALCOLM demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individually named defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: New York, New York
       October 30, 2020

<div style="margin-left: 45%;">

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff TAVOY MALCOLM
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:    _Brett Klein_
       _____
       BRETT H. KLEIN (BK474)

</div>

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

TAVOY MALCOLM,

                           Plaintiff,

         -against-

                                                20 CV 1450

UNITED STATES OF AMERICA, HERMAN QUAY,       (MKB) (VMS)
Individually, JAMES PETRUCCI, Individually,
VERONICA MASON, Individually, MICHAEL SEGAL,
Individually, KEVIN YOUNG Individually,
JOHNATHAN WHITE, Individually, ELEAZAR GARCIA,
Individually, MARTI LICON-VITALE, Individually,
JUAN RAMOS, Individually, LIZETTE TAMAYO,
Individually, JOHN HAYES, Individually, and
JOHN/JANE DOES 1-15, Individually,

                          Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132